FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 24 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MARIA RODRIGUEZ DE ZAMORA, | No. 07-72817 |
| Petitioner, | Agency No. A79-357-305 |
| v. | |
| ERIC HOLDER, Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review from Orders of the
Board of Immigration Appeals

Submitted November 2, 2010[**]
San Francisco, California

Before: KOZINSKI, Chief Judge, RYMER, Circuit Judge, and TRAGER,[***]

District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Maria Rodriguez de Zamora petitions for review of the BIA's decision affirming the IJ's removal order and denial of her application for adjustment of status. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny her petition. Given the parties' familiarity with the facts we do not recount them here.

"Pure questions of law raised in a petition to review a decision of the BIA are reviewed de novo." De Martinez v. Ashcroft, 374 F.3d 759, 761 (9th Cir. 2004). However, findings of fact are conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

The IJ and BIA did not credit petitioner's testimony regarding the alleged coercion by a border patrol agent in 1997. The IJ and BIA stated that, due to petitioner's "unclear testimony" and her failure to raise the issue of coercion in 2003 (when she instead said only that her aunt had told her to provide a false name), they were unable to conclude that her statement was coerced. That conclusion constitutes an express finding that petitioner's testimony regarding the alleged coercion was not credible.

Given that finding, the decisions below correctly concluded that petitioner falsely represented herself to be a United States citizen and that she had done so for

2

the purpose of obtaining a benefit under the INA.  8 U.S.C. §§ 1182(a)(6)(C)(ii),

1229a(c)(3)(A).  As such, her petition is denied.

**PETITION FOR REVIEW DENIED.**



*Rodriguez de Zamora v. Holder* Judge Rymer concurring
No. 07-72817

I concur in the judgment. The BIA's conclusion that her 2003 statements

rendered Rodriguez de Zamora removable is supported by substantial evidence.

1